561 P.2d 99 (1977)
STATE of Oklahoma ex rel. DEPARTMENT OF INSTITUTIONS, SOCIAL AND REHABILITATIVE SERVICES, Petitioner,
v.
Honorable Joe JENNINGS, Judge of the District Court of Tulsa County, Respondent.
Nos. O-77-18  O-77-20.
Court of Criminal Appeals of Oklahoma.
March 2, 1977.
Donald Lee Ritter, Oklahoma City, for petitioner.
Gary W. Clark, Tulsa, for respondent.

*100 MEMORANDUM OPINION
BRETT, Judge:
This is an original proceeding filed by the Oklahoma State Department of Institutions, Social and Rehabilitative Services seeking issuance of the Writ of Mandamus concerning three juvenile cases in the Tulsa County District Court, to wit: No. JFJ-76-627, JFJ-76-705, and No. JFJ-76-1097. In said juvenile cases the Honorable Juvenile Judge entered the following order shown here in part, as follows:
"It is therefore ordered that the juvenile be placed in the custody of the Oklahoma Department of Institutions, Social and Rehabilitative Services as a delinquent child, and said Department and its representatives are hereby ordered and directed to place said juvenile in its juvenile maximum security institutions, and said Department and its representatives are hereby ordered to retain said juvenile in said institution for a minimum period of eight (8) months. It is hereby ordered that said case be set for a judicial review hearing before this Court on August 18, 1977, at 1:30 p.m."
Said order continues to direct that if the Department determines prior to the expiration of the eight month period that the said juvenile no longer requires rehabilitation, the Department shall file an application with that court in order that the Court may determine if such evaluation is correct and if the Court finds that such Departmental determination is not properly supported, the court shall direct the juvenile to be continued under the Departmental jurisdiction and control; and, from the Juvenile Court's order this appeal has been lodged as provided in 10 O.S. 1975 Supp. § 1123.
The petition filed herein was set down for hearing to be had before this Court on January 24, 1977, at 1:30 p.m., but by agreement of the parties the hearing was continued until February 2, 1977, at 1:30 p.m. At that hearing the State Department of Institutions, Social and Rehabilitative Services was represented by Mr. Donald Lee Ritter, Consulting Attorney, and the Respondent, the Honorable Joe Jennings, Juvenile Judge for Tulsa County appeared in person and was represented by Mr. Gary Clark, Assistant District Attorney for Tulsa County. The three Applications and Petition for Writ of Mandamus were consolidated for hearing at the same time. Briefs were submitted and oral argument was heard after which this Court assumed jurisdiction and at the conclusion of oral argument this Court announced from the bench that the Writ of Mandamus would issue in each of the matters and that the order granting the writ would follow.
It is the contention of the Department that the provisions of 10 O.S. 1971, § 1116(a)(3), are controlling and that the Honorable Court exceeded its authority in issuing the order directing the Department to handle the Juvenile in a certain manner for a specific period of time and to petition the Court for final disposition of the said Juvenile. That portion of the Statutes recites as follows:
"The court may commit the child to the custody of the Department; provided, any order adjudicating a child to be delinquent and committing the child to the Department shall be for an indeterminate period of time."
Petitioner further asserts that the Department is vested with statutory authority to *101 (1) determine placement of delinquent minors placed in its custody; (2) authorize parole or trial leave under conditions determined by Petitioner; (3) authorize discharge when applicable; and (4) otherwise exercise responsibility for the care, control and custody of such minor under its discretion without the unlawfully imposed superintending control and direction of the Juvenile Court. Petitioner further asserts that the Respondents order violates the provisions of 10 O.S., 1971, § 1117, § 1135, § 1139, § 1143 and § 1404. Finally, Petitioner argues that it is the intention of the Juvenile Code that once the juvenile is placed in the control of the Department, the Department is provided sole authority over the juvenile and must determine when the juvenile has been rehabilitated and when the juvenile may ultimately become eligible for release.
Respondent argues that the Juvenile Court has continuing jurisdiction over a juvenile declared to be delinquent until he reaches twenty-one years of age, as provided for in 10 O.S. 1972 Supp. § 1102: and we must agree that such continuous jurisdiction is true, except in those cases wherein the juvenile is placed under the control of the Department of Institutions, Social and Rehabilitative Services. Under Section 1116, the Juvenile Court is provided with several alternative actions in making disposition of a juvenile delinquent: but subsection 3, of that section, makes the specific provision, "... provided, any order adjudicating a child to be delinquent and committing the child to the Department shall be for an indeterminate period of time." Thereafter, 10 O.S. 1971, § 1138, specifies the authority of the Department over the juvenile once the juvenile is committed to the Department as a delinquent child. Nowhere in the Statutes do we find any authority for the Juvenile Court to enter an order requiring the Department to seek further instructions from the court that commits the juvenile to the control of the Department.
We therefore hold, that the Juvenile Court of the Tulsa County District Court exceeded its authority when the order complained of was entered in the three numbered cases hereinbefore listed; and therefore the Writ of Mandamus must be issued to require that court to desist and refrain from further proceedings in that Court's Cases numbered: JFJ-76-627, JFJ-76-705, and JFJ-76-1097. In so holding, this Court is well aware of the intention of the Honorable Respondent when the pertinent orders were entered; but notwithstanding, we fail to find the necessary authority to support such restrictions placed upon the Department. We are well aware also, that the Honorable Respondent was considering the question of "certification" in each of the cases and in order to make every effort to prevent the juvenile concerned from entering the adult criminal processes, the Court sought to assure that each juvenile was provided long range supervision in the juvenile's own interest and behalf. And therefore, this Court commends the Respondent for the purposes he sought to accomplish.
IT IS THEREFORE THE OPINION OF THIS COURT, that the Writ of Mandamus shall issue to the Juvenile Court of Tulsa County District Court for the reasons herein set forth.
BUSSEY, P.J. and BLISS, J., concur.